UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

**JAMES BRANDON SPEARS,**
    Petitioner,

v.

**UNITED STATES OF AMERICA,**
    Respondent.

**Case No. 1:24-cv-8025-CLM**
**(1:22-cr-210-CLM-JHE)**

## MEMORANDUM OPINION

James Brandon Spears moves to vacate, set aside, or otherwise correct his sentence under 28 U.S.C. § 2255. (Doc. 1). After reviewing Spears' motion under Rule 4 of the Rules Governing § 2255 Proceedings, the court finds that Spears' motion is untimely and alternatively without merit. So the court **WILL DENY** Spears' motion (doc. 1) and **DISMISS** this case.

### BACKGROUND

1. *Spears' conviction*: On September 16, 2022, Spears pleaded guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). (Docs. 10 & 12 in Case No. 1:22-cr-210). On January 30, 2023, the court sentenced Spears to 84 months' imprisonment. (Doc. 16 in Case No. 1:22-cr-210).

2. *2255 motion*: On March 28, 2024, Spears filed a post-judgment motion to dismiss the indictment, asserting that his § 922(g) conviction violates the Second Amendment. (Doc. 1). Because Spears' motion attacked the constitutionality of his conviction, the court notified Spears under *Castro v. United States*, 540 U.S. 375, 376 (2003), that the court intended to recharacterize his motion as a § 2255 motion unless Spears objected to the recharacterization. (Doc. 24, pp. 4–5 in Case No. 1:22-cr-210). Spears didn't file any objections, so the court directed the Clerk of Court to recharacterize his motion as a § 2255 motion. (Doc. 2).

## DISCUSSION

There is a one-year statute of limitations for § 2255 motions. *See* 28 U.S.C. § 2255(f). The limitation period runs from the latest of:

(1)  the date on which the judgment of conviction becomes final;

(2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*See id.*

The court entered Spears' judgment of conviction on January 30, 2023, and he didn't appeal. So Spears' conviction became final on February 13, 2023, which was 14 days after the court entered judgment. *See Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011); Fed. R. App. P. 4(b)(1)(A). As a result, Spears' March 28, 2024, motion to dismiss was filed more than a year after his judgment of conviction became final. Thus, Spears' motion is untimely under 28 U.S.C. § 2255(f)(1).

Nor has Spears shown that his motion is timely under § 2255(f)(2), (f)(3), or (f)(4). Nothing in the record suggests that the Government impeded Spears from filing a § 2255 motion. And Spears has always known that his conviction was for violating § 922(g), which prohibits felons from possessing firearms. So the court finds that Spears' motion isn't timely under § 2255(f)(2) or (f)(4).

Spears appears to argue that categorically excluding felons from possessing firearms violates the Second Amendment under *N.Y. State Rifle & Pistol Assoc., Inc. v. Bruen*, 597 U.S. 1, 24 (2022). But neither the Supreme Court nor the Eleventh Circuit has held that *Bruen* applies retroactively. And *Bruen* was decided on June 23, 2022, before Spears even pleaded guilty to his § 922(g) offense and well more than a year before Spears filed his § 2255 motion. So Spears' motion is also untimely under 28 U.S.C. § 2255(f)(3), which applies to only newly recognized rights that have been made retroactive on collateral review.

Even if Spears' motion were timely, it would fail on the merits. The Eleventh Circuit has held that § 922(g)(1) doesn't violate the Second Amendment. *See United States v. Dubois*, 94 F.4th 1284, 1291–92 (11th Cir. 2024). As the circuit court has recently explained, *Bruen* didn't abrogate this precedent, so courts within this circuit cannot reconsider the constitutionality of § 922(g)(1) under the Second Amendment. *See id.* at 1293. Thus, it "plainly appears from [Spears'] motion" that he is not entitled to relief, and the court finds it appropriate to deny Spears' motion and dismiss this case without requiring the Government to respond. *See* Rule 4, Rules Governing § 2255 Proceedings.

## Conclusion

For the reasons stated above, the court will **DENY** Spears' motion to vacate, set aside, or correct his sentence (doc. 1) and **DISMISS** this case.

Rule 11 of the Rules Governing § 2255 Proceedings requires the court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." *See* Rule 11, Rules Governing § 2255 Proceedings. The court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, a "petitioner must demonstrate that a reasonable jurist would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 336

(2003) (internal quotations omitted). The court finds that Spears' claims fail to satisfy either standard. So the court will not issue a certificate of appealability.

The court will enter a separate final order that carries out these findings and closes this case.

**Done** on November 19, 2024.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE